BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
JEANETTE E. MCPHERSON, ESQ.
Nevada Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
jmcpherson@foxrothschild.com

*Counsel for Debtor*

RICHARD F. HOLLEY, ESQ.
Nevada Bar No. 3077
R. MCKAY HOLLEY, ESQ.
Nevada Bar No. 15964
SPENCER FANE LLP
300 South Fourth Street, Suite 950
Las Vegas, Nevada 89101-6019
Email: rholley@spencerfane.com
mholley@spencerfane.com

*Counsel for U.S. Eagle Federal Credit Union*

SUE FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar No. 5634
TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar No. 12183
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Email: tamer.botros@usdoj.gov

*Counsel for USDA, Rural Development*

Susan Poll Klaessy (IL Bar No. 6298625)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
Spollklaessy@foley.com
-and-
Tim Mohan (CO Bar No. 50559)
FOLEY & LARDNER LLP
1400 16th St Mall #200,
Denver, CO 80202
Tel: (720) 437-2014
Fax: (720) 437-2200
tmohan@foley.com

*Counsel to Madison One Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **In re:**<br><br>**FUTURE LEGENDS 5, LLC,**<br><br>**Debtor.** | Case No. 24-51031-HLB<br><br>Chapter 11<br><br>**STIPULATION FOR CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED** by and between United States Department of Agriculture, Rural Development, Colorado State Office ("RD"), Future Legends 5, LLC (the "Debtor,"), Madison One Capital, LLC ("Madison One"), and U.S. Eagle Federal Credit Union ("U.S. Eagle") (collectively, the "Parties"), that in order to facilitate RD's release of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, made applicable by Rule 9104 of Federal Bankruptcy Rules, and Rule 9018 of the Federal Rules of Bankruptcy Procedure, the Parties agree to entry of the following Stipulation for a Confidentiality Agreement and Protective Order:

1. On November 21, 2024, Debtor caused a Subpoena to Produce Documents, Information, or Objects (the "Subpoena") to be served on non-party USDA, Office of General Counsel, Denver Regional Office, which Subpoena was issued in the above captioned bankruptcy case (the "Bankruptcy Case").

2. On December 5, 2024, RD submitted an objection pursuant to Federal Rules of Civil Procedure 45(d)(2)(B), as made applicable by Federal Rule of Bankruptcy Procedure 9016, on the grounds that (1) the production request was overly broad and unduly burdensome and (2) the 19 days allowed to respond to the Subpoena was unreasonable.

3. Debtor and RD have since agreed that RD will produce (the "Production") certain documentation from January 1, 2019 to November 20, 2024 using the following search terms:

- "#05-062-590610301"
- "Future Legends" and "Madison One"
- "Future Legends" and "Balestrino"
- "Katofsky" and "Future Legends"
- "Katofsky" and "Madison One"
- "Katofsky" and "Balestrino"
- "Future Legends" and "US Eagle"
- "Katofsky" and "US Eagle"
- "Future Legends" and "U.S. Eagle"
- "Katofsky" and "U.S. Eagle"

4. RD's email search was limited to (1) emails between any one of four RD employees (Cindy Chadwick, Kevin Scully, Irene Etsitty and Robert McElroy) and with particular representatives of US Eagle Federal Credit Union (Ross Busby and Altaf Ali), Madison One (Eric Enger, Chris Balestrino, Mary Lineback and Jeff Harthun) or the Debtor and related entities (Jeff Katofsky, Bernard Issa, and Aimee Lawrence) which involved Future Legends Project and/or the loans made to Future Legends that were guaranteed by RD and (2) emails involving the four RD employees that reference any of the above search terms.

5. RD initially sought to provide documents according to the following time frame:

<u>Week of January 13-17, 2025</u>

- Final documentation for guaranteed loan packets January 31
- All emails involving any of the 4 aforementioned RD employees with the previously discussed representatives of US Eagle, Madison One or Future Legends involving the Future Legends Project and/or the loans made to Future Legends guaranteed by RD
- All emails involving 4 RD employees that reference any of the 10 above search terms

Because of the large number of documents retrieved and issues involving redaction, however, Production has taken longer than anticipated. Additionally, because the documents contain confidential information, RD has determined it is necessary to have a Confidentiality Agreement and Protective Order in place prior to sharing the documents with the Parties.

6. RD contends that the Production will require production of documents and disclosure of information that it, or other Parties, may consider confidential and/or proprietary in nature and that it contends will require protection against unrestricted disclosure and use. The entry of this Stipulated Confidentiality Agreement Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to RD with respect to the discovery of matters, including but not limited to RD's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges, or any Party's right to contest any such assertion.

7. **<u>Scope</u>**. All materials produced by RD in the Production (hereinafter collectively "<u>Documents</u>"), shall be subject to this Stipulated Confidentiality Agreement and Protective Order concerning Confidential Information as defined below. The Stipulated Confidentiality Agreement and Protective Order is subject to the Local Rules of the United States Bankruptcy Court for the

District of Nevada ("Local Rules"), the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure with respect to the calculation of time periods or any other matters of procedure not otherwise addressed herein.

8. **Confidential Information**. As used in this Stipulated Confidentiality Agreement and Protective Order, "Confidential Information" means information designated as "CONFIDENTIAL" by RD that falls within one or more of the following categories: (a) documents that contain information that is proprietary and confidential; (b) information prohibited from disclosure by statute; (c) research, technical, commercial or financial information that RD has maintained as confidential; (d) information of or disclosing trade secrets that RD considers confidential; (e) personal identity information; (f) medical information concerning any individual; (g) income tax returns; (h) information of a proprietary nature that requires restriction from public disclosure to protect the business interests of RD; or (i) personnel or employment records of a person, except that are publicly available. Information or documents that are available to the public may not be designated as Confidential Information.

9. **Designation**. RD may designate Documents as Confidential Information for protection under this Stipulated Confidentiality Agreement and Protective Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the Document. As used in this Stipulated Confidentiality Agreement and Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Stipulated Confidentiality Agreement and Protective Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

10. **Protection of Confidential Material**.

a. General Protections. Confidential Information shall not be used or disclosed by Debtor, counsel for the Debtor, Madison One, U.S. Eagle, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in connection with this Bankruptcy Case and any related adversary proceedings, including any related appeals.

b. Limited Third-Party Disclosures. Debtor and counsel for the Debtor shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

i. Counsel. Counsel for the Debtor, Madison One, U.S. Eagle and employees of these Parties' counsel who have responsibility in this Bankruptcy Case;

ii. The Debtor, Madison One, and U.S. Eagle, including their employees, agents, representatives, members, and managers;

iii. The Court and its Personnel;

iv. Court Reporters. Court reporters and recorders engaged for depositions;

v. Contractors. Those persons specifically engaged for the limited purpose of making copies of Documents or organizing or processing Documents, including outside vendors hired to process electronically stored Documents;

vi. Consultants and Experts. Consultants, investigators or experts employed by the Parties or counsel for the Parties to assist in the preparation of this Bankruptcy Case;

vii. Witnesses at Depositions. During their depositions, witnesses in this Bankruptcy Case and any related adversary proceedings. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with their personal review of the transcripts;

viii. Author or Recipient. The author or recipient of the document (not including any person who received the document in connection with any prior litigation between

or among the Parties); and

ix. Others by Consent. Other persons only by written consent of RD, which consent shall not be unreasonably withheld, upon order of this Court or on such other conditions as may be agreed to by the Parties.

c. Control of Documents. Debtor, Counsel for the Debtor, U.S. Eagle, Counsel for U.S. Eagle, Madison One, and Counsel for Madison One shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Stipulated Confidentiality Agreement and Protective Order, if any, for a period of three years after the termination of the case.

11. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If RD designates a document as Confidential Information after it was initially produced, the Debtor, Madison One, and U.S. Eagle, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Stipulated Confidentiality Agreement and Protective Order. The Parties shall not be found to have violated this Stipulated Confidentiality Agreement and Protective Order for failing to maintain the confidentiality of a documents or other material during a time when that document or other material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

12. **Filing of Confidential Information**. This Stipulated Confidentiality Agreement and Protective Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Local Rules in connection with any such submission.

13. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Stipulated Confidentiality Agreement and Protective Order, RD may not withhold information from discovery on the ground that it requires protection greater than that

afforded by this Stipulated Confidentiality Agreement and Protective Order unless it moves for an order providing such special protection.

14. **Challenges by Debtor to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by the Debtor. The following procedure shall apply to any such challenge.

a. Meet and Confer. The Debtor may challenge the designation of Confidential Information by conferring directly with counsel for the RD. In conferring, the Debtor must explain the basis for its belief that the confidentiality designation was not proper and must give RD an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. Understanding that time is of the essence, RD must respond to any challenge within five (5) business days. RD's failure to respond to such a challenge within five (5) business days shall be deemed as a waiver of the designation of such materials as Confidential Information.

b. Judicial Intervention. The Debtor may elect to challenge a confidential designation by filing and serving a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a declaration that affirms that the Debtor has complied with the meet and confer requirements of this Stipulated Confidentiality Agreement and Protective Order. The burden of persuasion in any such challenge proceeding shall be on RD. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Stipulated Confidentiality Agreement and Protective Order.

15. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Stipulated Confidentiality Agreement and Protective Order or any action or agreement between the Parties under this Stipulated Confidentiality Agreement and Protective Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

16. **Use of Confidential Documents or Information at Trial**. Nothing in this Stipulated Confidentiality Agreement and Protective Order shall be construed to affect the use of

any document, material, or information at any hearing or trial. A Party that intends to present or that anticipates that another Party may present Confidential information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

17. **<u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>**.

a. If the Debtor, Madison One, or U.S. Eagle is served with a subpoena, discovery request, or an order issued in any matter that would compel disclosure of any material or document designated in this action as Confidential Information, the recipient must so notify RD, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena, discovery request, or court order.

b. The recipient also must immediately inform in writing the party who caused the subpoena, discovery request, or order to issue in another matter that some or all of the material covered by the subpoena or order is the subject of this Stipulated Confidentiality Agreement and Protective Order. In addition, the recipient must deliver a copy of this Stipulated Confidentiality Agreement and Protective Order promptly to the party in the other action that caused the subpoena or discovery request to issue.

c. The purpose of imposing these duties is to alert interested persons to the existence of this Stipulated Confidentiality Agreement and Protective Order and to afford RD an opportunity to try to protect its Confidential Information in the court from which the Subpoena issued. Nothing in these provisions should be construed as authorizing or encouraging Debtor, Madison One, or U.S. Eagle to disobey a lawful directive from another court. Moreover, nothing in these provisions should be construed as placing an additional affirmative duty on Debtor to protect the Confidential Information in the court from which the Subpoena issued outside the requirements of this Stipulated Confidentiality Agreement and Protective Order. The obligations set forth in this paragraph remain in effect while the Debtor, Madison One, or U.S. Eagle have in its possession, custody or control materials designated Confidential Information by RD.

18. **Obligations to the Conclusion of this Bankruptcy Case**.

a. Order Continues in Force. Unless otherwise agreed or ordered, this Stipulated Confidentiality Agreement and Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. Obligations at Conclusion of this Bankruptcy Case. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Stipulated Confidentiality Agreement and Protective Order, including copies as defined in ¶ 5, shall be destroyed or returned to RD unless the document has been offered into evidence or filed without restriction as to disclosure

c. Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel for Debtor may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Stipulated Confidentiality Agreement and Protective Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

19. **Order Subject to Modification**. This Stipulated Confidentiality Agreement and Protective Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

20. **No Prior Judicial Determination**. This Stipulated Confidentiality Agreement and Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21. **Persons Bound**. This Stipulated Confidentiality Agreement and Protective Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Stipulated Confidentiality Agreement and Protective Order by its terms.

22. **Other Provisions**.

a. Nothing in this Stipulated Confidentiality Agreement and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Information requires additional protection. If necessary, the Parties shall meet and confer to agree upon the terms of such additional protection.

b. This Stipulated Confidentiality Agreement and Protective Order is entered into without prejudice to the right of RD to knowingly waive the applicability of this Stipulated Confidentiality Agreement and Protective Order to any Confidential materials designated by it by advising the other Parties that the Confidentiality designation no longer applies.

c. Nothing in this Stipulated Confidentiality Agreement and Protective Order shall affect the admissibility into evidence of Confidential Information or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Information.

d. The Parties hereto agree to submit any dispute or claim in any way arising out of this Protective Order to the Bankruptcy Court presiding over the Bankruptcy Case. If any portion of this agreement is deemed unenforceable, the unenforceable portion shall be severed and the remainder of the Protective Order shall remain in full force and effect.

23. The Parties agree to be bound by this Stipulated Confidentiality Agreement and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Confidentiality Agreement and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulated Confidentiality Agreement and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulated Confidentiality Agreement and

Protective Order pending its entry so as to allow for production or use of Confidential Information under the terms herein. This Stipulation may be executed in counterparts.

DATED on this 3rd day of March, 2025.

**SUE FAHAMI**
**Acting United States Attorney**

By: /s/ Tamer B. Botros
District of Nevada
Nevada Bar No. 5634
TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar No. 12183
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Email: tamer.botros@usdoj.gov
*Counsel for USDA, Rural Development*

**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Brett A. Axelrod, Esq.
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Jmcpherson@foxrothschild.com
Baxelrod@foxrothschild.com
*Counsel for Debtor*

**FOLEY & LARDNER LLP**

By: /s/ Tim Mohan
Susan Poll Klaessy (IL Bar #6298625)
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
Spollklaessy@foley.com

Tim Mohan (CO Bar #50559)
1400 16th St Mall #200,
Denver, CO 80202
Tel: (720) 437-2014
Fax: (720) 437-2200
tmohan@foley.com
*Counsel to Madison One Capital, LLC*

**SPENCER FANE LLP**

By: /s/ Richard F. Holley
RICHARD F. HOLLEY, ESQ.
Nevada Bar No. 3077
R. MCKAY HOLLEY, ESQ.
Nevada Bar No. 15964
300 South Fourth Street, Suite 950
Las Vegas, Nevada 89101-6019
*Counsel for U.S. Eagle Federal Credit Union*